*452 GRIFFIS, J.,
concurring in part and dissenting in part:
¶ 91. I concur with the majority as to issues I, 11(1) and (2), III, V, VI and VII.
¶ 92. I disagree with the majority in issue IV. I also believe my reasoning as to issue IV would require the chancellor to reconsider issue 11(8). Therefore, I respectfully dissent as to issues 11(3) and IV.

TV. Exclusion of Stacey’s Proposed Expert

¶ 98. In a motion in limine, the attorney for George William Rhodes, Jr. argued that James F. Angle, the valuation expert designated by Stacey Anne Rhodes, should not be allowed to testify. Rhodes cited two grounds. First, this was the first time Angle had testified. Second, Angle incorporated the “goodwill” of Rhodes Carpets and Draperies, Inc. (“RCD”) in his valuation. Angle was called to testify at trial, and the chancellor sustained Rhodes’s objection and excluded his testimony.
¶ 94. I concur with the majority that it was error to exclude Angle’s testimony based on his qualifications.[16]
¶ 95. The chancellor also determined that Angle’s methodology was not satisfactory because Mississippi law prohibits the consideration of “goodwill” in the valuation of businesses in domestic relations cases. The chancellor’s decision was based on Yelverton v. Yelverton.[17] The majority agrees.
¶ 96. I disagree with the majority’s statement of the law, “[o]ur supreme court recently made clear that goodwill should not be utilized in performing a valuation of a service business.” There is no Mississippi case that excludes “goodwill” to a “service business.” Even if there were such authority, RCD is not a service business. It is a retail sales business that installs its products. It is not the same type of professional practice considered by the Mississippi Supreme Court in Singley v. Singley [18] or Watson v. Watson.[19] We must carefully examine the supreme court precedent.
¶ 97. In Singley, the supreme court considered the valuation of Dr. Single/s dental practice and concluded that Mississippi would “join the jurisdictions that adhere to the principle that goodwill should not be used in determining the fair market value of a business subject to equitable division in divorce cases.”[20] The supreme court also provided the following explanation that has led to the incorrect conclusion that goodwill should not be considered in the valuation of businesses for equitable distribution purpose:
*453 The term goodwill as used in determining valuation of a business for equitable distribution in a domestic matter is a rather nebulous term clearly illustrating the difficulty confronting experts in arriving at a fair, proper valuation. Goodwill within a business depends on the continued presence of the particular professional individual as a personal asset and any value that may attach to that business as a result of that person’s presence. Thus, it is a value that exceeds the value of the physical building housing the business and the fixtures within the business. It becomes increasingly difficult for experts to place a value on goodwill because it is such a nebulous term subject to change on a moment’s notice due to many various factors which may suddenly occur, i.e., a lawsuit filed against the individual or the death and/or serious illness of the individual concerned preventing that person from continuing to participate in the business. It is also difficult to attribute the goodwill of the individual personally to the business. The difficulty is resolved however when we recognize that goodwill is simply not property; thus it cannot be deemed a divisible marital asset in a divorce action. We recognize however that regardless of what method an expert might choose to arrive at the value of a business, the bottom line is one must arrive at the “fair market value” or that price at which property would change hands between a willing buyer and a willing seller when the former is not under any compulsion to buy and the latter is not under any compulsion to sell, both parties having reasonable knowledge of the relevant facts. Consequently, today we join those sister states who prohibit goodwill from inclusion in valuing a business for distribution as marital property in a domestic case. Accordingly, we reverse and render the chancellor as to the inclusion of goodwill in the value of Hank’s business.[21]
¶ 98. Because of problems in the interpretation and application of this language, the supreme court clarified its ruling in Watson v. Watson.[22] There, the supreme court considered the equitable distribution of Dr. Watson’s veterinary clinic.[23] The supreme court considered the reason chancellors need to value business interests as a part of equitable distribution:
The valuation of a business is nothing more than an appraisal which, depending upon the purpose for which it will be used, can be performed using one of several valid, acceptable methods. Lenders, for instance, view a business as collateral, and their opinion of worth will generally not agree with an owner or investor. Each person or entity seeking an appraisal or valuation must factor in those matters which are, to them, important. They must also exclude those matters which would cause the appraisal to produce a false or misleading value for their purposes.[24]
The supreme court then acknowledged a possible misunderstanding that resulted from its holding in Singley and attempted to correct the law in this area.[25] The supreme court held:
However, what seemed clear under the facts in Singley, are not so clear under the facts of this case. We shall use this opportunity to clarify our holding in Singley.
*454 In reaching its conclusion in Singley, this Court carefully reviewed the approach taken in other jurisdictions, and “join[ed] the jurisdictions that adhere to the principle that goodwill should not be used in determining the fair market value of a business subject to equitable division in divorce cases.”
As stated in Singley, goodwill is a nebulous term. It “depends on the continued presence of the particular professional individual as a personal asset and any value that may attach to that business as a result of that person’s presence. ” ... In a furniture or appliance business with several owners, it would be difficult to assess the value to the business attributable to one of the oumers. Customers go to the business looking for furniture or appliances. However, in the context of a single-owner professional practice, it becomes less difficult. Patients (including pet owners) go there looking for their doctor.
The inequity which led to the decision in Singley, and the inequity which is so glaringly present in this case, occurs where the marital assets to be divided in a divorce include the goodwill of a professional practice. This is particularly true where, as here, the professional practice has one owner/professional. Unless the valuation of the professional practice carefully avoids any element attributable to the presence and work of the professional, the result will be a double award to the spouse. The professional’s income will be used, first to calculate alimony, and then again to calculate the value of the “business.” That is exactly what happened in this case.[26]
After Watson, the supreme court clarified that Singley ⅛ application was limited to the valuation of single-owner professional practices. Indeed, ROD is more akin to a furniture or appliance business than a dental or veterinary professional practice.
¶ 99. In 2007, the supreme court decided Yelverton v. Yelverton.[27] This is the case relied upon by the chancellor in this case. Yelverton once again muddied the water. In Yelverton, the supreme court remanded the case on other issues.[28] Only then, as part of what appears to be dicta, did the supreme court provide an advisory opinion in closing paragraphs. There, the supreme court also determined that the chancellor erred in the valuation of Jim Yelverton Imports, a car dealership. The supreme court “advised” the chancellor that, on remand, the goodwill of Jim Yel-verton Imports should be excluded and not considered.[29] It appears that the supreme court mistakenly considered Jim Yelverton Imports a professional practice, when it ruled:
Since we are remanding this case for other purposes, we need not enter into a lengthy discussion on this issue; however, in an effort to lend guidance to the chancellor upon remand, we state here that the chancellor should be mindful that “goodwill,” whether “personal goodwill” or “business enterprise goodwill” shall not be included in the valuation of Jim Yelverton Imports. See Watson v. Watson, 882 So.2d 95, 105 (¶ 46) (Miss.2004). Fn. 7. “[Gjoodwill is simply not property; thus it cannot be deemed a divisible marital asset in a divorce action.” Singley v. Singley, 846 So.2d 1004, 1011, (¶ 18) (Miss.2002).
Fn. 7. Watson is applicable here although Watson involved a “solo pro *455 fessional practice” as opposed to Jim Yelverton Imports, which involves two share holders.[30]
I am of the opinion that the supreme court was incorrect in its interpretation of Watson because Jim Yelverton Imports sold cars — a product, not a professional service.
¶ 100. RCD sells and installs carpet and draperies. It is not a professional practice. It is a retail business. Unlike the dentist in Singley or the veterinarian in Watson, RCD can be sold apart from the principal owner and its value remain intact. Indeed, “goodwill” is an important and necessary element of the proper valuation of this asset. Therefore, I conclude that the “goodwill” of RCD is a necessary and appropriate element of the valuation of RCD.
¶ 101. Accordingly, I would reverse the chancellor’s decision to exclude Stacey Rhodes’s expert witness on business valuations. I would remand for a new trial for the chancellor to consider Angle’s opinions on valuation.

II. Businesses

(3)Appreciation

¶ 102. As to this issue, I am of the opinion that if the chancellor had properly allowed the expert testimony of Angle, then there would be sufficient evidence for the chancellor to have considered and found appreciation of value in the businesses during the term of the marriage. I would reverse and remand this issue for further consideration by the chancellor.
CARLTON, J., JOINS THIS OPINION.

.Angle obtained a Bachelor of Accountancy from the University of Mississippi in 1981, has been a Certified Public Accountant since 1984, has been a Certified Valuation Analyst since 2002, and has been an Accredited Business Valuator since 2006. Angle also had a distinguished professional career as an accountant and corporate financial officer. Angle had the knowledge, skill, training and education to testify as a business valuation expert. See M.R.E. 702.
The fact this was Angle’s first experience to testify in court does not disqualify him as an expert on business valuations. "By that logic, no witness could ever qualify as an expert for the first time because that would require being retained previously as an expert.” Catapult Commc’ns Corp. v. Foster, 2010 WL 659072, *2 (N.D.Ill.2010). Every expert witness must have a first time, and expert witnesses do not need to be "professional witnesses” to be qualified to testify. United States v. Parra, 402 F.3d 752, 758-59 (7th Cir.2005).

. 961 So.2d 19 (Miss.2007).

. 846 So.2d 1004 (Miss.2002).

. 882 So.2d 95 (Miss.2004).

. Singley, 846 So.2d at 1010 (¶ 17).

. Id. at 1011 (¶ 18).

. 882 So.2d 95 (Miss.2004).

. Id. at 98 (¶ 10).

. Id. at 99-100 (¶ 21).

. Id. at 100 (¶¶ 22-23).

. Id. at 1010-11 (¶¶ 23-26) (citations omitted) (emphasis added).

. 961 So.2d 19 (Miss.2007).

. Id. at 29 (¶21).

. Id. at 29 (¶¶ 21-22).

. Id. at 29 (¶ 21).